1
FRANK W. CHEN (State Bar No. 137079)
fchen@FrankChenLaw.com

2
**LAW OFFICES OF FRANK W. CHEN**
2600 Mission Street, Suite 206

3
San Marino, CA 91108
Telephone: (626) 441-4205

4
Facsimile:   (626) 441-4352

5

6
**ROSENBERG MENDLIN & ROSEN, LLP**
ROGER M. ROSEN (State Bar No. 120313)

7
rrosen@rmrlaw.com
528 Colorado Avenue

8
Santa Monica, California 90401
Telephone:   (310) 899-9008

9
Facsimile:    (310) 899-9006

10
Attorneys for Defendant Lanette Sprengel Mohr

11

12

13
**UNITED STATES DISTRICT COURT**

14
**CENTRAL DISTRICT OF CALIFORNIA**

15

16
JEAN SPRENGEL, an individual,

CASE NO. CV-1108742 JHN SPx

17
          Plaintiff,

Assigned to the Hon. Jacqueline H. Nguyen

18
               v.

**NOTICE OF MOTION AND MOTION
TO DISQUALIFY THOMAS R. FOLEY
AS COUNSEL FOR PURPOSEFUL**

19
LANETTE SPRENGEL MOHR, an
individual, PURPOSEFUL PRESS,

**PRESS, LLC; MEMORANDUM OF
POINTS AND AUTHORITIES;**

20
LLC, a California limited liability
company,

21
          Defendants.

**DECLARATIONS OF ROGER M.
ROSEN; DECLARATION OF
LANETTE S. MOHR FILED
SEPARATELY**

22

23
**DATE:   MARCH 6, 2012
TIME:    2:00 PM
COURTROOM:   790**

24

25

26

27

28

MOTION TO DISQUALIFY THOMAS R. FOLEY

## NOTICE OF MOTION TO DISQUALIFY THOMAS R. FOLEY
## AS COUNSEL FOR PURPOSEFUL PRESS, LLC

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 6, 2012 at 2:00 p.m. in Courtroom 790 of the above-entitled court, located at 255 East Temple Street, Los Angeles, CA 90012, before the Hon. Jacqueline H. Nguyen, defendant Lanette Mohr will move the Court, for an order as follows:

(1)     Thomas R. Foley is disqualified as counsel for Purposeful Press, LLC;

(2)     The Answer Thomas R. Foley filed on behalf of Purposeful Press, LLC is stricken;

(3)     Thomas R. Foley must disgorge any money he has been paid from Purposeful Press, LLC funds, by delivering a check made payable to "Purposeful Press, LLC" to Lanette Mohr for her to deposit into a Company bank account;

(4)     Plaintiff Jean Sprengel must serve her First Amended Complaint on Purposeful Press, LLC; and

(5)     Purposeful Press, LLC may employ other counsel, selected by Lanette Mohr, to represent it in this litigation.

This motion is made on the grounds that Mr. Foley was purportedly retained on behalf of Purposeful Press, LLC by plaintiff Jean Sprengel, who did not have authority to retain counsel for Purposeful Press, LLC in this case. This motion is made upon the authority of Cal. Rules of Prof. Conduct, R. 3-310, Cal. Bus. & Prof. Code sec. 6104, United States District Court for the Central District of California Local Rule 83-3, the Court's inherent power to manage its own affairs to preserve the integrity of the adversary process and its responsibility for controlling the conduct of attorneys practicing before it, *Paul E. Ianoco Structural Engineer, Inc. v. Humphrey*, 722 F.2d 435, 438 (9th Cir. 1983), and the case law discussed in the memorandum of points and authorities, below.

1    This motion will be based upon this notice, the memorandum in support, the

2    declaration of Roger M. Rosen, the declaration of Lanette S. Mohr, the files and records

3    in this action, and any further evidence and argument that the Court may receive at or

4    before the hearing.

5        PLEASE TAKE FURTHER NOTICE that this motion is made following the

6    conference of counsel, which took place on January 27, 2012, pursuant to Local Rule 7-

7    3, as is set forth in the concurrently filed Declaration of Roger M. Rosen.

8

9    Dated: February 6, 2012        Respectfully submitted,

10

11                                    **FRANK W. CHEN**
                                       LAW OFFICES OF FRANK W. CHEN
12

13                                    By: _____
14                                         Frank W. Chen
15                                    Attorneys for Defendant Lanette Mohr

16                                    **ROSENBERG MENDLIN & ROSEN, LLP**
                                       JOYCE S. MENDLIN
17                                    ROGER M. ROSEN

18

19                                    By: _____
20                                         Roger M. Rosen
                                       Attorneys for Defendant Lanette Mohr
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................1

II.  THE INTEGRITY OF THE COURT, THE JUDICIAL SYSTEM, AND
     RESPECT FOR THE FEDERAL COURTS IS AT STAKE ON THIS MOTION.2

III. THOMAS R. FOLEY MUST BE DISQUALIFIED. ...............................3

    A.   The Formation and Operation of Purposeful Press, LLC. ............................3

    B.   The Law of California Limited Liability Companies ...................................4

    C.   Jean Sprengel Had No Authority to Retain Thomas R. Foley as Counsel for
       Purposeful Press, LLC in this Litigation..........................................................4

    D.   In Addition to Jean Sprengel's Lack of Authority to Hire Foley, He Has a
       Conflict of Interest ...........................................................................................5

    E.   Lanette Mohr Has Standing to File this Motion ...........................................6

    F.   Sprengel and Foley's Arguments In Justification of Their Relationship Are
       Without Merit...................................................................................................7

    G.   Foley Should Be Ordered to Disgorge Any Money He Received From
       Purposeful Press, LLC. ..................................................................................12

IV.  CONCLUSION ................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Anmaco, Inc. v. Bohlken*, 13 Cal. App. 4th 891 (1993) ..................................... 8

*City and County of San Francisco v. Cobra Solutions*, 38 Cal. App. 4th 839 (2006) ................. 3

*Concat LP v. Unilever, PLC*, 350 F.Supp. 2d 796 (N.D. Cal. 2004) ......................................... 7

*Flatt v. Superior Court*, 9 Cal. 4th 275 (1994) ........................................................... 6

*Forrest v. Baeza*, 58 Cal. App. 4th 65 (1997) ........................................................... 6

*In re A.C.*, 80 Cal. App. 4th 994 (2000) ........................................................... 7

*In re Fountain*, 74 Cal. App. 3d 715 (1977) ........................................................... 11

*In re Occidental Fin'l Group, Inc.* 40 F.3d 1059 (9th Cir. 1994) ......................................... 11

*In re Regan*, 4 Cal. State Bar Ct. Rptr. 844, 2005 WL 1864217 (Cal. State Bar Ct. 2005). ....... 5

*Jones v. H.F. Ahmanson & Co.* 1 Cal. 3d 93 (1969) ..................................................... 9

*Kennedy v. Eldridge*, 201 Cal. App. 4th 1197 (2011) ................................................. 7

*Metro-Goldwyn-Mayer v. Tracinda Corp.*, 36 Cal. App. 4th 1832 (1995) ........................ 2, 6

*People v. SpeeDee Oil Change Systems*, 20 Cal. 4th 1135 (1999) ..................................... 6

*Sealand Invest. Corp. v. Emprise, Inc.*, 190 Cal. App. 2d 305 (1961) ................................. 8

*Zador Corp., N.V. v. Kwan*, 31 Cal. App. 4th 1285 (1995) ........................................... 6

**Statutes**

Cal. Bus. & Prof. Code sec. 6104 ........................................................................... 5

Cal. Corp. Code sec. 800 ..................................................................................... 9

Cal. Corp. Code sec. 17001 ................................................................................. 4

Cal. Corp. Code sec. 17003 ................................................................................. 5

Cal. Corp. Code sec. 17050 ................................................................................. 4

Cal. Corp. Code sec. 17051 ................................................................................. 4

Cal. Corp. Code sec. 17151 ................................................................................. 4

Cal. Corp. Code sec. 17152(d) ............................................................................. 4

**Other Authorities**

Cal. Rules of Prof. Conduct, Rule 3-310(C).................................................................. 6

United States District Court for the Central District of California Local Rule 83-3 ................... ii

MOTION TO DISQUALIFY THOMAS R. FOLEY

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Jean Sprengel and Defendant Lanette Mohr are 50% members of Purposeful Press, LLC, a California limited liability company. Mohr is the sole manager of the Company. On September 15, 2011, Sprengel withdrew $162,000 from the Company bank account, leaving the Company without funds to operate and to pay the Company's counsel. On September 16, 2011, Sprengel filed a lawsuit against Mohr and Purposeful Press, LLC in San Bernardino Superior Court, Case No. CIVDS 1110934, seeking dissolution of Purposeful Press, LLC.

On October 21, 2011, Sprengel filed this lawsuit against Lanette Mohr, only, for copyright infringement, although Purposeful Press, LLC was the publisher of the allegedly infringing works.

Mohr insisted that Purposeful Press, LLC was an indispensable party, and requested that Sprengel name Purposeful Press, LLC as a defendant. Sprengel refused. Mohr filed a motion to compel the joinder of Purposeful Press, LLC as a defendant.

Sprengel filed a statement of non-opposition and agreed to file a First Amended Complaint naming Purposeful Press, LLC as a defendant to that motion. Her counsel stated that he would serve the Company's agent for service of process with the Summons and First Amended Complaint. Sprengel filed that First Amended Complaint on January 19, 2012.

Within hours of the filing of the First Amended Complaint, and before the Summons and First Amended Complaint had been served on the Company, a lawyer retained by Jean Sprengel, Thomas R. Foley, filed an Answer to the First Amended Complaint, without: (i) asserting affirmative defences; (ii) without asserting important defensive matters; and (iii) without filing a Counter-claim against Sprengel for conversion of the $162,000 of Company funds she had stolen.

Mohr demanded that Foley withdraw from the representation.  He refused to withdraw, necessitating this motion.

## II.   THE INTEGRITY OF THE COURT, THE JUDICIAL SYSTEM, AND RESPECT FOR THE FEDERAL COURTS IS AT STAKE ON THIS MOTION.

Much more is at stake on this motion than simply resolving a dispute over alleged copyright infringement.  The integrity of the Court, the judicial system, and respect for the federal courts is at issue on this motion.  If a 50% member of a limited liability company, who is not the manager of the company, can unlawfully take almost all of the company's funds from its bank account, then sue the company for damages in federal court, and retain a lawyer to represent the company, who -- at her direction --  files a bogus Answer without affirmative defenses and without an important, meritorious Counter-claim, then the federal courts will be viewed as having no legitimacy.

The interests at stake here were summarized in *Metro-Goldwyn-Mayer v. Tracinda Corp.*, 36 Cal. App. 4th 1832, 1838 (1995), as follows:

> The paramount concern, though, must be the preservation of public trust in the scrupulous administration of justice and the integrity of the bar.  The recognized and important right to counsel of one's choosing must yield to considerations of ethics that run to the very integrity of our judicial process.

See also, *City and County of San Francisco v. Cobra Solutions*, 38 Cal. App. 4th 839, 846 (2006) (holding the same).

Putting aside fairness to the parties, the larger interest of preserving public trust in the integrity of the judicial process and in the courts as ensuring minimal integrity of the bar require that the Court grant this motion.  Public knowledge that Jean Sprengel could steal Purposeful Press, LLC's money, sue it for damages for copyright infringement, and

then hire a lawyer to provide a sham defense, would cause the public to lose respect for the federal courts.

## III. THOMAS R. FOLEY MUST BE DISQUALIFIED AND MUST BE ORDERED TO DISGORGE ANY MONEY HE RECEIVED FROM PURPOSEFUL PRESS, LLC FUNDS.

### A. The Formation and Operation of Purposeful Press, LLC.

Purposeful Press, LLC was created when lawyer Kenneth Stream filed Articles of Organization [Exhibit 1] which provided that Purposeful Press, LLC would be a limited liability company with <u>one manager</u>. Stream further prepared the Company's Operating Agreement which provided that Jean Sprengel and Lanette Mohr were each 50% members, and that Lanette Mohr would be the <u>sole manager</u>. [Exhibit 2, p. 10]  The Operating Agreement provides, regarding the managers authority as follows:

> 5.2   Authority of the Manager.  The Manager is authorized to:
>
> (a)   …
>
> (b)   …
>
> (c)   …
>
> (d)   …
>
> (e)   Do and perform all other acts as may be necessary or appropriate to the conduct of the Company's business.  [Exhibit 2, pp. 10, 29]

For three years Lanette Mohr conducted virtually all of the company's business. This included entering into agreements with editors, graphic designers, printers, Amazon.com, translation services, accountants, etc.  Sprengel agreed that Mohr was to do all of this in the name of the Company.  Sprengel is a full time anesthesiologist.  She has no time to conduct Company business, and has stated so verbally and in writing.

Sprengel's view of the business changed, however, when as a result of Lanette Mohr's efforts, it became clear that the Company might be very profitable.  She wanted it all, not just the 50% share of the profits to which she was legally entitled.

## B.   The Law of California Limited Liability Companies

A brief review of the law of California limited liability company management principles is helpful to understand the controversy underlying this motion.  A California limited liability company is a hybrid business entity that combines aspects of both a partnership and a corporation.  It is formed under the California Corporations Code and consists of members who own membership interests.  Cal. Corp. Code sec. 17001.

The existence of a California limited liability company begins upon the filing of Articles of Organization with the Secretary of State, on a form prescribed by the Secretary of State.  Cal. Corp. Code sec. 17050.  This includes a statement whether the company will be managed by one manager, more than one manager, or by the members. Cal. Corp. Code sec. 17051, 17151.

Limited liability company managers hold office until they resign, are removed, or a successor is elected.  Cal. Corp. Code sec. 17152(d).

Here, the Articles of Organization state that Purposeful Press will have one manager. [Exhibit 1] The Operating Agreement states that Lanette Mohr is the sole manager. [Exhibit 2, p.10, 29] Lanette Mohr has neither resigned nor has been removed, and no successor has been elected.  Therefore, she is the sole manager.

A California limited liability company has the powers to sue and to be sued.  Cal. Corp. Code sec. 17003.

As is typical, Purposeful Press, LLC does not have a board of directors to supervise the manager.  A limited liability company is distinguishable from a corporation in this aspect, where a president or CEO might have to report to the Board before taking certain actions.  (Contract Cal. Corp. Code sec. 5210 ("Each corporation shall have a board of directors . . .  [T]he activities and affairs of a corporation shall be conducted and all corporate powers shall be exercise by or under the direction of the board.") with the absence of a similar provision for limited liability companies.

/ / /

**C.    Jean Sprengel Had No Authority to Retain Thomas R. Foley as Counsel for Purposeful Press, LLC in this Litigation.**

The facts in section III A, above, the law in section III B, above, and the declarations attached hereto combine to demonstrate that only Lanette Mohr, the sole manager of the Company, has authority to retain counsel for Purposeful Press, LLC, to respond to the complaint filed by Jean Sprengel in this litigation.

California Bus. & Prof. Code sec. 6104 speaks to this question as follows:

> Corruptly or willfully and without authority appearing as attorney for a party to an action or proceeding constitutes a cause for disbarment or suspension.

This Code section makes clear how serious a matter it is for a lawyer to appear as attorney for a party without authority. For purposes of this rule, an appearance is not limited to standing in front of a judge. A general appearance occurs where a party, either directly or through counsel, participates in an action in some manner which recognizes the authority of the court to proceed. *In re Regan*, 4 Cal. State Bar Ct. Rptr. 844, 2005 WL 1864217 (Cal. State Bar Ct. 2005). There can be no doubt that Thomas R. Foley has appeared for Purposeful Press, LLC, in this case. It cannot be disputed that he did so without authority from the only person who could have retained him for Purposeful Press, LLC, Lanette Mohr.

**D.    In Addition to Jean Sprengel's Lack of Authority to Hire Foley, Foley Has a Conflict of Interest.**

Perhaps because no other plaintiff in American law has been brazen enough to hire a lawyer to represent the defendant she was suing, Lanette Mohr's research discloses no case in which a court has had to spell out the rule that a plaintiff [Jean Sprengel] may not hire a lawyer to represent the adverse defendant [Purposeful Press, LLC] she has sued in civil litigation. The closest situation in which the lawyer's duties and responsibilities in

similar circumstances are discussed are cases in which a lawyer simultaneously represents clients with conflicting or adverse interests.

These cases note that the heart of the public's trust, and the judicial process, is the relationship between the attorney and client, which is a fiduciary one of the very highest nature. *Zador Corp., N.V. v. Kwan,* 31 Cal. App. 4th 1285, 1293 (1995).   "A client who learns that his or her lawyer is also representing a litigation adversary… cannot long be expected to sustain a level of confidence and trust in counsel that is one of the foundations of the professional relationship." *Metro-Goldwyn-Mayer v. Tracinda Corp.*, supra, 36 Cal. App. 4th 1840.  Here, where Mr. Foley was hired by Jean Sprengel, the plaintiff, to represent her adversary, Purposeful Press, LLC, the defendant, it would be difficult for Mr. Foley to "maintain undivided loyalty to their clients [Purposeful Press, LLC] to avoid undermining public confidence in the legal profession and the judicial process." *People v. SpeeDee Oil Change Systems,* 20 Cal. 4th 1135, 1146 (1999).

The "most egregious" conflict of interest is an attorney's dual representation of clients whose interests are directly adverse in the same litigation.  *Flatt v. Superior Court*, 9 Cal. 4th 275, 285, n.3 (1994); *see*  also Cal. Rules of Prof. Conduct, Rule 3-310(C).  In such cases, courts adhere to the "strict proscription against dual representation of clients with adverse interests" so as to protect the integrity of the attorney-client relationship.  *Forrest v. Baeza*, 58 Cal. App. 4th 65, 74 (1997).  Although here Mr. Foley claims only to represent Purposeful Press, LLC, he was hired to do so by the plaintiff Jean Sprengel, a party with adverse interests to Mr. Foley's "client."

With few exceptions, disqualification is required even where the simultaneous representations have nothing in common and there is no risk of confidences obtained in one case being used in the other. (*Speedee,* 20 Cal. 4th at 1146.)  Thus, disclosure of confidential information is not an issue here.

MOTION TO DISQUALIFY THOMAS R. FOLEY

### E.   Lanette Mohr Has Standing to File this Motion.

Lanette Mohr has standing to file a motion to disqualify Mr. Foley because she is threatened with cognizable injury and because the integrity of the judicial process would be undermined should Mr. Foley be permitted to continue to represent Purposeful Press, LLC, a company in which she is the sole manager and a 50% owner.

> Case law abounds with examples of orders disqualifying counsel that have not been the product of motions by present or former clients. . . .
>
> . . . "[T]he court has an *independent interest* in ensuring trials are conducted within ethical standards of the profession and that legal proceedings appear fair to all that observe them." (*In re A.C.* (2000) 80 Cal. App. 4th 994, 1001, 96 Cal.Rptr.2d 79, italics added.) Accordingly, we conclude that where an attorney's continued representation threatens an opposing litigant with cognizable injury or would undermine the integrity of the judicial process, the trial court may grant a motion for disqualification, regardless of whether a motion is brought by a present or former client of recused counsel.

*Kennedy v. Eldridge*, 201 Cal. App. 4th 1197, *3 - *4 (2011); *Concat LP v. Unilever, PLC*, 350 F.Supp. 2d 796, 818 (N.D. Cal. 2004).

### F.   Sprengel and Foley's Arguments In Justification of Their Nefarious Relationship Are Without Merit.

During the meet and confer process prior to Lanette Mohr's filing this motion, counsel for Sprengel, including Michael Kerbs, John Holcomb, and Michael Trenholm, and Mr. Foley, exchanged their views with Mohr's counsel, Roger M. Rosen and Frank Chen.  During these exchanges, some by telephone, some in writing, Sprengel and Foley justified their relationship by arguing that Sprengel, as a 50% member of Purposeful

Press, LLC, had an equal right with Mohr to select counsel to defend Purposeful Press, LLC against the First Amended Complaint Sprengel filed. This argument lacks merit.

First, as is noted above, the Company is to be run by one manager, who is Lanette Mohr. [Exhibits 1, 2, pp. 10, 29]  Second, even if Jean Sprengel had equal authority with Lanette Mohr to select counsel for the Company in some situations (which clearly she does not), she could not usurp that power to herself without acting in consultation with Mohr.

But, third, in circumstances where Sprengel has sued Purposeful Press, LLC, surely she would have to be recused from participating in the decision to hire counsel to defend the Company against the lawsuit she filed against the Company.

Further during the meet and confer process, Sprengel, through her counsel, and Foley, argued that although Sprengel could hire counsel for Purposeful Press, LLC, Mohr could not be permitted to chose counsel to represent Purposeful Press, relying upon *Anmaco, Inc. v. Bohlken*, 13 Cal. App. 4th 891 (1993) and *Sealand Invest. Corp. v. Emprise, Inc.*, 190 Cal. App. 2d 305, 312-313 (1961).  These cases do not support this proposition.

In *Anmaco*, the first 50% shareholder of a corporation (Pearlman) filed a complaint on his behalf and on behalf of the corporation (Anmaco) against the second 50% shareholder of the corporation (Bohlken), for alleged torts committed by Bohlken against Anmaco and for breach of a shareholder agreement.  The trial court granted Bohlken's motion for summary judgment on the grounds that Pearlman did not have authority to file suit on behalf of the corporation.  Pearlman appealed, arguing that as President of Anmaco, he had authority to institute action on the corporation's behalf.  The court of appeal affirmed, relying upon *Sealand Invest. Corp.*, 190 Cal. App. 2d 305 (1961), holding that in California, the president of a corporation does not generally possess the authority to initiate suit on behalf of a corporation against another officer, director or shareholder, in a suit for control of the corporation.

MOTION TO DISQUALIFY THOMAS R. FOLEY

In *Sealand Invest. Corp. v. Emprise, Inc.*, *supra*, 190 Cal. App. 2nd 305, also relied upon by Sprengel, a corporation sued two of its directors, who together owned 50% of the stock, one of whom was president of the corporation. The suit had been initiated by the secretary-treasurer who was a director and another director (the Powells) who together owed the other 50% of the corporate stock. The trial court dismissed the suit. The court of appeal affirmed, holding that the Powells did not have authority to file suit.

> Mr. and Mrs. Powell must have authority before they can institute an action in the name of the corporation. The authority necessarily has to be actual, apparent or implied. Clearly there was no actual or apparent authority. From what has been said in the cases, and from the law and the facts of this case, we think there was no implied authority in the Powells to bring the action. *Id.* at 322.

The present case is distinguishable from *Anmaco* and *Sealand*. Here, Purposeful Press, LLC is not a corporation with a board of directors. Rather, it is a one-manager limited liability company, which vests that authority of a corporate board of directors in the manager. Second, Purposeful Press, LLC has been sued and needs to hire counsel to respond to that lawsuit. *Anmaco* and *Sealand* involved persons without authority to do so hiring lawyers to cause the company to sue corporate officers. Third, as distinguished from the Powells in *Sealand*, and from the parties with equal management authority in *Anmaco*, Mohr, the sole manager of a limited liability company, has both actual and apparent authority to retain counsel for the corporation, and is the only person with such authority. She has managed the company from the start, and has been expressly authorized to do so. See Ex. 2, p. 10.

That Purposeful Press, LLC may have claims to press against Sprengel, such as for her theft of $162,000 of company funds, does not change this fact. The Company needs to retain counsel both to defend itself against the claims brought by Sprengel and to

prosecute counter-claims against her.  Who will make the decision to retain counsel?  Sprengel, who is not the manager, who sued the Company after stealing virtually all of its money?  Or Mohr, the sole manager, who alone is authorized to initiate legal action on behalf of the Company?

### G.    The Answer Filed By Foley Should Be Stricken.

Because Mr. Foley did not have authority to file the Answer, it should be stricken.

### H.    Mr. Foley Should Be Ordered to Disgorge Any Money He Received From Purposeful Press, LLC.

Until September, 2011, when Jean Sprengel stole $162,000 of Purposeful Press, LLC funds, Mohr wrote all Company checks to pay for services rendered to the Company.  It is not known whether Jean Sprengel used stolen Company funds to pay Foley.  If she did so, he must be ordered to disgorge those funds as he was retained without authority, and was immediately put on notice, within a day of his filing the Answer, that the Company and Lanette Mohr objected to his acting for the Company.  See *In re Fountain*, 74 Cal. App. 3d 715, 719 (1977); *In re Occidental Fin'l Group, Inc.* 40 F.3d 1059, 1062-1063 (9th Cir. 1994).

### I.    Jean Sprengel Should Be Ordered To Serve The First Amended Complaint On Purposeful Press, LLC.

Purposeful Press, LLC was never served with the First Amended Complaint.  Jean Sprengel should be ordered to do so, to give Purposeful Press, LLC time to file an Answer and a Counter-Claim.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MOTION TO DISQUALIFY THOMAS R. FOLEY

IV.   **CONCLUSION**

For the reasons set forth above, defendant Lanette Mohr respectfully requests that the Court order as follows:

(1)   Thomas R. Foley is disqualified as counsel for Purposeful Press, LLC;

(2)   The Answer Thomas R. Foley filed on behalf of Purposeful Press, LLC is stricken;

(3)   Thomas R. Foley must disgorge any money he has been paid from Purposeful Press, LLC funds, by delivering a check made payable to "Purposeful Press, LLC" to Lanette Mohr for her to deposit into a Company bank account;

(4)   Plaintiff Jean Sprengel must serve her First Amended Complaint on Purposeful Press, LLC; and

(5)   Purposeful Press, LLC may employ other counsel, selected by Lanette Mohr, to represent it in this litigation.

Dated: Feb. 6, 2012                    Respectfully submitted,

**FRANK W. CHEN**
LAW OFFICES OF FRANK W. CHEN

By: _____
       Frank W. Chen
Attorneys for Defendant Lanette Mohr

**ROSENBERG MENDLIN & ROSEN, LLP**

By: _____
       Roger M. Rosen
Attorneys for Defendant Lanette Mohr

MOTION TO DISQUALIFY THOMAS R. FOLEY